Filed 6/30/15  P. v. Spells CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRIS LEON SPELLS,<br><br>    Defendant and Appellant. | D065975<br><br><br>(Super. Ct. No. SCD223105) |

APPEAL from an order of the Superior Court of San Diego County,

David J. Danielsen, Judge.  Affirmed.

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Felicity A.

Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

Chris Leon Spells appeals from an order denying his petition for recall of sentence

under the Three Strikes Reform Act of 2012 (Pen. Code, § 1170.126).  (Undesignated

statutory references are to the Penal Code.)  On appeal, Spells contends: (1) the trial court violated his due process rights by failing to require the prosecution to prove beyond a reasonable doubt that he posed an unreasonable risk of danger to public safety, (2) he had a right to a jury trial at the resentencing hearing, and (3) the trial court abused its discretion in determining that he poses an unreasonable risk of danger to public safety. We affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

In 2010, a jury convicted Spells of unlawfully starting a fire that caused an inhabited structure to burn.  Spells had prior serious and violent felony convictions for robbery, two counts of assault with a deadly weapon, and assault likely to produce great bodily injury on a peace officer.  He also had a prison prior.  The trial court sentenced Spells to an indeterminate term of 25 years to life in prison for the current offense, plus one year for the prison prior.

In 2013, Spells petitioned the trial court for resentencing under section 1170.126. In the petition, Spells argued the court should modify his sentence because he is no longer an unreasonable threat to public safety.  Spells contended that his criminal history was partially due to his drug addiction.  Spells noted that he had a record of rehabilitation in prison as he was employed as a barber, had taken numerous courses, and participated in therapy for his substance abuse problems.  Spells also contended that his crimes had decreased in severity, he had significantly matured, he did not physically harm any of his victims, and his strike offenses occurred more than 20 years ago.

The People opposed Spells's request for resentencing. The People argued that although Spells was eligible for resentencing, he remained an unreasonable risk of danger to public safety. The People outlined Spells's extensive criminal history. As a juvenile, Spells committed multiple offenses, including public drunkenness, burglary, petty theft, auto theft, battery, disorderly conduct, selling marijuana and resisting arrest. In 1980, at the age of 17, Spells was convicted of vehicle theft that involved a high speed chase where Spells lost control of the vehicle and struck a residence, causing extensive damage.

Spells's criminal behavior continued into adulthood. In 1982, he was convicted of vehicle theft. In 1985, he robbed a man. Spells and a male companion, who had a gun, confronted the victim and demanded money. When the victim tried to get away, Spells hit him in the stomach several times. Spells took the victim's watch and money.

In 1986, while he was incarcerated, Spells pleaded guilty to communicating with a prisoner without permission. The guilty plea stemmed from an incident in which Spells threatened another inmate with physical harm if he did not perform sexual acts on him. In 1990, Spells was convicted of assault with force likely to cause great bodily injury and possession of a dangerous weapon in jail. During this incident, Spells stabbed two inmates, one in the stomach and arm and the other in the stomach. Later that year, Spells was convicted of assault likely to produce great bodily injury on a peace officer. In that incident, Spells attacked and beat a Deputy Marshal who was transferring Spells to a holding tank during court proceedings. In 2005, Spells pleaded guilty to resisting a police officer. The conviction arose out of an incident in which Spells was walking down

the street with a hypodermic syringe sticking out of a cast on his arm. When police tried to arrest Spells, he attempted to strike the officer in the face.

Spells's criminal behavior continued in prison while he has been serving his Three Strikes sentence. In 2012, Spells had two prison rules violations for fighting. During one incident, Spells and another inmate struck each other in the torso and face. They did not cease fighting until they were pepper sprayed. In the second fight, the other inmate involved suffered a broken nose.

The trial court denied Spells's petition. In making its ruling, the court considered Spells's criminal history, prior prison commitments, prison disciplinary records, and efforts at rehabilitation. The court determined that although Spells was eligible for relief under the statute, he still posed an unreasonable risk of danger to public safety.

DISCUSSION

I. *Burden of Proof Claim*

Spells contends that under *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*), the prosecution was required to prove beyond a reasonable doubt that he posed an unreasonable risk of danger to public safety. We disagree.

"On November 6, 2012, voters approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act)." (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1285 (*Kaulick*).) The Act provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction, which was not a serious or violent felony, may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony

4

conviction and was thus a second-strike, rather than a third-strike, offender. (*Id.* at p. 1286.) If the inmate satisfies the statutory criteria and is eligible for resentencing (§ 1170.126, subds. (e), (f)), the trial court "shall" resentence the inmate "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Id.* at subd. (f).) "Risk of danger" must be established by a preponderance of the evidence. (See *Kaulick*, at p. 1305.)

Spells argues that because the statute makes second-strike sentencing the presumptive sentencing choice for persons eligible for resentencing and only permits a departure from that sentence when there is a finding that the inmate poses an unreasonable risk of danger to public safety, the determination of "dangerousness" increases the inmate's sentence beyond the presumptive sentencing choice. Thus, Spells suggests that under principles of *Apprendi*, the prosecution had to prove the unreasonable risk of danger element beyond a reasonable doubt. This precise claim has been rejected by the courts in *Kaulick* and *People v. Osuna* (2014) 225 Cal.App.4th 1020 (*Osuna*).

Relying in part on *Kaulick*, the *Osuna* court "conclude[d] disqualifying factors need not be proven to a jury beyond a reasonable doubt where eligibility for resentencing under section 1170.126 is concerned." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1038, fn. omitted.) *Osuna* held "*Apprendi* and its progeny do not apply to a determination of eligibility for resentencing under the Act" because "[a] finding an inmate is not eligible for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather, it leaves him or her subject to the sentence originally imposed." (*Id.* at pp. 1039-1040.) Similarly, in *Kaulick*, the court stated "dangerousness is not a factor

5

which enhances the sentence imposed when a defendant is resentenced under the Act; instead, dangerousness is a hurdle which must be crossed in order for a defendant to be resentenced at all. If the court finds that resentencing a prisoner would pose an unreasonable risk of danger, the court does not resentence the prisoner, and the petitioner simply finishes out the term to which he or she was originally sentenced." (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1303.) *Kaulick* noted that "the United States Supreme Court has already concluded that its opinions regarding a defendant's Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt do not apply to limits on downward sentence modifications due to intervening laws." (*Id.* at p. 1304.)

We agree with the reasoning of *Kaulick* and *Osuna* and conclude section 1170.126 permits a downward modification of an inmate's original sentence. Thus, facts found in a section 1170.126 proceeding, including the factor of dangerousness, do not require proof beyond a reasonable doubt. (See Evid. Code, § 115 ["Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence."].)

II. *Right to Jury Trial*

Spells contends he had a right to a jury trial on the issue of dangerousness. We disagree.

A defendant has a Sixth Amendment right to a jury trial with respect to "any fact (other than prior conviction) that increases the maximum penalty for a crime." (*Apprendi*, *supra*, 530 U.S. at p. 476.) However, the Sixth Amendment right to a jury trial does not apply to "downward sentence modifications due to intervening laws." (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1304, citing *Dillon v. United States* (2010) 560

6

U.S. 817, 828-829.) Both *Osuna* and *Kaulick* concluded that *Apprendi's* principles, which include the right to have a jury determine factors aggravating a sentence, do not apply to recall petitions under the Three Strikes Reform Act of 2012. (*Osuna*, *supra*, 225 Cal.App.4th at p. 1039 ["*Apprendi* and its progeny do not apply to a determination of eligibility for resentencing under the [Three Strikes Reform] Act [of 2012]."]; *Kaulick*, at p. 1305 ["Any facts found at [a section 1170.126] proceeding, such as dangerousness, do not implicate Sixth Amendment issues."].)

As we have already explained, section 1170.126 does not increase the penalty for a crime. Subdivision (h) of that statute expressly provides that "[u]nder no circumstances may resentencing under this act result in the imposition of a term longer than the original sentence." The trial court's determination here that Spells posed an unreasonable risk of danger to public safety did not increase his original punishment, but instead "disqualified [him] from an act of lenity on the part of the electorate to which [he] was not constitutionally entitled." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1040.) Thus, he did not have a right to a jury trial at the resentencing hearing.

### III. *Unreasonable Risk of Danger to Public Safety*

Spells contends the trial court abused its discretion in determining that he poses an unreasonable risk of danger to public safety. We reject this argument.

Where an inmate petitions for recall of his or her sentence under section 1170.126, the trial court shall resentence the prisoner as a second-strike offender unless the court determines "in its discretion" that the inmate poses an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).) "In exercising its discretion in subdivision (f) [of

7

section 1170.126], the court may consider: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g).) Because the statute expressly vests discretionary power in the trial court, we are necessarily governed by the deferential abuse of discretion standard of review. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124-1125.)

In determining whether resentencing Spells under section 1170.126 would pose an unreasonable risk of danger to public safety, the trial court expressly considered the statutory factors. The trial court acknowledged that Spells is "making the right kinds of moves to address [his anger and violence] issues." However, the trial court also observed that Spells has a lengthy criminal record and continued to act violently while in custody. Notably, the court stated, "[Spells] has the inability to understand or appreciate the consequences of his actions, and he demonstrates that over and over and over again so that when people get in his way, frustrate what he wants, he responds with a characteristic anger." The trial court's findings are supported by the record. The record demonstrates that Spells has been in and out of custody since he was a juvenile. Between 1979 and 2009, Spells has been involved in more than a dozen incidents resulting in criminal convictions. During many of those crimes, Spells acted out violently. For example, in 1985, Spells threatened and kicked his robbery victim in the stomach several

8

times. In 1989, while in custody, Spells attacked another inmate with a shank and stabbed him in the stomach and arm. In 1990, Spells punched a Marshal in the face, knocking the Marshal unconscious, and then continued to hit the Marshal in the face. In 2005, Spells attempted to hit an officer who was trying to arrest him. In 2012, while incarcerated for the current offense, Spells engaged in to physical fights with other inmates, one which resulted in the other inmate having a broken nose. Additionally, in a recent psychological evaluation, a licensed psychologist diagnosed Spells as having severe stimulant disorder, moderate opiate use disorder, and antisocial personality disorder.

Although many of Spells's crimes occurred several years ago, he has continued to act out violently, even while incarcerated for the current offense. During his adulthood, there has not been a significant period of time in which Spells was not incarcerated or committing crimes. The record amply supports the trial court's conclusion that Spells is unable to control his anger and thus poses an unreasonable risk of danger to public safety.

Under these circumstances, it is clear that the trial court did not act in an "arbitrary, capricious or patently absurd manner" (*People v. Rodrigues*, *supra*, 8 Cal.4th at p. 1125) in determining that resentencing Spells would pose an "unreasonable risk of danger to public safety" (§ 1170.126, subd. (f)), and in denying his petition for recall of sentence. (See *People v. Carrasco* (2014) 59 Cal.4th 924, 955 ["'The abuse of discretion standard . . . reflects the trial court's superior ability to consider and weigh the myriad factors that are relevant to the decision at hand.'"].)

In a footnote in his reply brief, Spells suggests for the first time that the definition of "unreasonable risk of danger to public safety" set forth in Proposition 47, enacted in November 2014, applies to his case. Proposition 47 created a new sentencing provision that defined "unreasonable risk of danger to public safety" to mean "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." (§ 1170.18, subd. (c).) We will not consider this argument because it was raised for the first time in the reply brief. (*People v. Zamudio* (2008) 43 Cal.4th 327, 353 ["'Normally, a contention may not be raised for the first time in a reply brief.'"].)

Accordingly, we conclude that the trial court did not err in denying Spells's petition for recall of sentence.

## DISPOSITION

The order is affirmed.

McINTYRE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

IRION, J.

10